IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. HANSEL M. DEBARTOLO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-C-1059 |
| ) | |
| BLUE CROSS BLUE SHIELD OF ILLINOIS ) | |
| a/k/a BLUE CROSS BLUE SHIELD ) | Chief Judge Holderman |
| ASSOCIATION and ) | |
| NORTHERN TRUST CORPORATION, ) | Magistrate Judge Cole |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND MOTION TO STRIKE PLAINTIFF'S JURY DEMAND**

Defendants Blue Cross Blue Shield of Illinois, a Division of Health Care Service Corporation, incorrectly named Blue Cross Blue Shield of Illinois also known as Blue Cross Blue Shield Association ("HCSC"), and The Northern Trust Company, incorrectly named as Northern Trust Corporation ("The Northern Trust") (collectively, the "Defendants"), by their attorneys and pursuant to Fed. R. Civ. P. 12(b)(6), move to dismiss Plaintiff Dr. Hansel M. DeBartolo's ("Plaintiff" or "Dr. DeBartolo") Complaint and move to strike his demand for a jury trial, and in support state.

1. Dr. DeBartolo has filed a two-count complaint, alleging that (i) Defendants wrongfully denied him payment of benefits related to the medical treatment of Mr. Jeffrey Ingraffia under The Northern Trust Company Employee Welfare Benefit Plan (the "Plan") pursuant to Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(a)(1)(B); and (ii) Defendant HCSC should be liable for civil penalties under ERISA Section 502(c), 29 U.S.C. § 1132(c), for its failure to respond timely to Plaintiff's single request for plan documents under ERISA Section 104(b), 29 U.S.C. § 1024(b).

2. Defendants seek dismissal of Plaintiff's Complaint in its entirety with prejudice because Dr. DeBartolo lacks standing to bring any claim under ERISA and his document request was not sent to the Plan's Administrator, as required by ERISA. Under ERISA Sections

502(a)(1)(B) and 502(c), a plaintiff only has standing to bring a cause of action if he qualifies as a participant or beneficiary under the applicable benefit plan.  Here, Plaintiff admits that he is not a participant under the Plan.  Instead, he is only a medical provider to a Plan beneficiary—Mr. Jeffrey Ingraffia.  Rather, Plaintiff claims he is a Plan beneficiary through an assignment of benefits from Mr. Ingraffia.

3.     Plaintiff's alleged assignment is void for at least two reasons.  First, the Plan's governing document contains an express anti-assignment provision.  Courts in the Seventh Circuit have repeatedly held that a health care provider—like Plaintiff—only has a right to recover under ERISA as an assignee if the provider has a valid and enforceable assignment agreement.  Here, Plaintiff's assignment agreement is void because the Plan's terms expressly forbid the assignment.  Second, the assignment at issue fails because it attempts to assign benefits received from "BCBS" and not the Plan or The Northern Trust, which provided the benefits at issue to Mr. Ingraffia.  Therefore, Plaintiff's ERISA claims should be dismissed with prejudice.

4.     In addition, Plaintiff demands a trial by jury on both of his ERISA claims.  However, under well-settled Seventh Circuit law, a jury trial is not permitted in ERISA cases.  Therefore, Plaintiff's jury demand should be stricken.

5.     In support of the instant motion, Defendants have contemporaneously submitted to the Court their Memorandum of Law in Support of Their Motions to Dismiss Plaintiff's Complaint and to Strike Plaintiff's Jury Demand.

WHEREFORE, Defendants respectfully request that this Court grant their motion, dismiss with prejudice Plaintiff's Complaint in its entirety, strike Plaintiff's demand for a jury trial and grant such other relief that the Court deems appropriate.

Dated:   April 25, 2008

Respectfully Submitted,

By:   /s/ Michael T. Graham
     Michael T. Graham
     McDermott Will & Emery LLP
     227 West Monroe Street
     Chicago, Illinois 60606
     Phone: 312.372.2000
     Fax:   312.984.7700
     Email: mgraham@mwe.com

**Attorneys for Defendants Blue Cross Blue Shield of Illinois, a Division of Health Care Service Corporation**, incorrectly named Blue Cross Blue Shield of Illinois also known as Blue Cross Blue Shield Association and **The Northern Trust Company**, incorrectly named as Northern Trust Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2008, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Stuart P. Krauskopf
The Law Offices of Stuart P. Krauskopf
stu@stuklaw.com

     /s Michael T. Graham
     Michael T. Graham

CHI99 4972918-1.037407.0039