IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. HANSEL M. DEBARTOLO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-C-1059 |
| ) | |
| BLUE CROSS BLUE SHIELD OF ILLINOIS ) | |
| a/k/a BLUE CROSS BLUE SHIELD ) | Chief Judge Holderman |
| ASSOCIATION and ) | |
| NORTHERN TRUST CORPORATION, ) | Magistrate Judge Cole |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTIONS TO DISMISS PLAINTIFF'S COMPLAINT
AND TO STRIKE PLAINTIFF'S JURY DEMAND**

Defendants Blue Cross Blue Shield of Illinois, a Division of Health Care Service Corporation, incorrectly named Blue Cross Blue Shield of Illinois also known as Blue Cross Blue Shield Association ("HCSC"), and The Northern Trust Company, incorrectly named as Northern Trust Corporation ("The Northern Trust") (collectively, the "Defendants"), by their attorneys and pursuant to Fed. R. Civ. P. 12(b)(6), submit this memorandum of law in support of their motion to dismiss Plaintiff Dr. Hansel M. DeBartolo's ("Plaintiff" or "Dr. DeBartolo") Complaint and to strike his demand for a jury trial.

## INTRODUCTION

Dr. DeBartolo has filed a two-count complaint, alleging that (i) Defendants wrongfully denied him payment of benefits related to the medical treatment of Mr. Jeffrey Ingraffia under The Northern Trust Company Employee Welfare Benefit Plan (the "Plan") pursuant to Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(a)(1)(B); and (ii) Defendant HCSC should be liable for civil penalties under ERISA Section 502(c), 29 U.S.C. § 1132(c), for its failure to respond timely to Plaintiff's single request for plan documents under ERISA Section 104(b), 29 U.S.C. § 1024(b). Defendants seek dismissal of Plaintiff's Complaint in its entirety with prejudice because Dr. DeBartolo lacks

standing to bring any claim under ERISA and his document request was not sent to the Plan's Administrator, as required by ERISA.[1]

Under ERISA Sections 502(a)(1)(B) and 502(c), a plaintiff only has standing to bring a cause of action if he qualifies as a participant or beneficiary under the applicable benefit plan. Here, Plaintiff admits that he is not a participant under the Plan. Instead, he is only a medical provider to a Plan beneficiary—Mr. Jeffrey Ingraffia. Rather, Plaintiff claims he is a Plan beneficiary through an assignment of benefits from Mr. Ingraffia. However, Plaintiff's alleged assignment is void for at least two reasons. First, the Plan's governing document contains an express anti-assignment provision. Courts in the Seventh Circuit have repeatedly held that a health care provider—like Plaintiff—only has a right to recover under ERISA as an assignee if the provider has a valid and enforceable assignment agreement. Here, Plaintiff's assignment agreement is void because the Plan's terms expressly forbid the assignment. Second, the assignment at issue fails because it attempts to assign benefits received from "BCBS" and not the Plan or The Northern Trust, which provided the benefits at issue to Mr. Ingraffia. Therefore, Plaintiff's ERISA claims should be dismissed with prejudice.

In addition, Plaintiff demands a trial by jury on both of his ERISA claims. However, under well-settled Seventh Circuit law, a jury trial is not permitted in ERISA cases. Therefore, Plaintiff's jury demand should be stricken.

## SUMMARY OF FACTS AS PLED IN THE COMPLAINT[2]

Plaintiff is a physician licensed to practice in the State of Illinois. (Complaint, ¶1). The Northern Trust sponsored the Plan—a welfare benefit plan governed by ERISA, which provided

---

[1] Notably, Dr. DeBartolo is no stranger to the type of lawsuit pled in this case, as he has at least 13 other cases now pending or recently dismissed in the Northern District of Illinois where he has filed similar suits against other employers and administrators seeking recovery of benefits through what appear to be alleged assignments from plan participants. *See DeBartolo v. United Health Ins. Co.*, No. 07-C-2524; *DeBartolo v. Aetna Life Ins. Co.*, No. 07-C-2525; *DeBartolo v. Trustmark Ins. Co.*, No. 07-C-5475; *DeBartolo v. Benefit Systems & Servs, Inc.*, No. 07-C-5478; *DeBartolo v. Blue Cross Blue Shield of Ill.*, No. 07-6961; *DeBartolo v. Suburban Teamsters of N. Ill. Welfare Fund*, No. 07-C-7179; *DeBartolo v. United of Omaha Life Ins. Co.*, 08-C-067; *DeBartolo v. General Am. Life Ins. Co.*, 08-C-091; *DeBartolo v. Humana Employers Health Ins. Co.*, No. 08-C-275; *DeBartolo v. Cigna Healthcare of Ill.*, No. 08-C-287; *DeBartolo v. Caterpillar, Inc.*, No. 08-C-841; *DeBartolo v. United Food and Comm. Workers Unions*, No. 08-C-845; *DeBartolo v. Indian Prairie School Dist. #204*, 08-C-995.

[2] For purposes of their Rule 12(b)(6) motion, as they must, Defendants accept as true Plaintiff's factual allegations contained in the Complaint.

medical benefits to eligible employees and their dependents. (Complaint, ¶2). Mr. Jeffrey Ingraffia was a beneficiary in the Plan, through his wife's participation as an employee of The Northern Trust. (Complaint, ¶7). The Plan's Administrator, as that term is defined under ERISA, is the Employee Benefit Administrative Committee of The Northern Trust (the "Committee"). (Ex. 1, Plan Document, § 1.20).[3] HCSC is a third party administrator to the Plan, and was engaged by The Northern Trust to assist in administering claims for benefits under the Plan. (Ex. 1, Plan Document, § 1.8).

Prior to rendering treatment to Mr. Ingraffia, Plaintiff allegedly contacted HCSC to verify that Mr. Ingraffia was covered under the Plan. (Complaint, ¶7). Thereafter, Mr. Ingraffia attempted to assign his rights to benefits from HCSC (specifically "BCBS") as consideration for the medical treatment provided by Plaintiff. (Complaint, ¶8; Ex. A). Plaintiff alleges that Defendants have refused to pay $17,605.40 in benefits to Plaintiff related to medical treatment provided to Mr. Ingraffia. (Complaint, ¶10). Plaintiff alleges that these amounts are due under the Plan's terms and ERISA. (Complaint, ¶11).

Plaintiff also alleges that on or about June 16, 2005, he requested HCSC (not The Northern Trust or the Committee, as Plan Administrator) to produce to him certain information related to the Plan under ERISA Section 502(c), 29 U.S.C. §1132(c). (Complaint, ¶17). Plaintiff alleges that HCSC failed or refused to respond to the request for plan information. (Complaint, ¶18). Plaintiff therefore believes he has standing to sue under ERISA Section 502(c) to recover civil penalties for HCSC's failure to produce the information requested under the Plan. (Complaint, ¶20).

---

[3] A copy of the Plan's governing document, effective as of January 1, 2001, is attached hereto and incorporated herein as Exhibit 1. The Seventh Circuit allows a party to attach a document to a motion to dismiss under Fed. R. Civ. P. 12(b)(6) without having the effect of converting the motion to a Fed.R.Civ.P. 56 motion for summary judgment where, as in this case, the plaintiff refers to the document in his complaint. *See Venture Assocs. Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). Here, the Plan's governing document may be attached to this motion to dismiss because Plaintiff referred to the Plan throughout his Complaint. *See* Complaint, ¶¶ 2, 3, 4, 7, 9, and 14.

**ARGUMENT**

I.  **Plaintiff's Claims in Counts I and II of the Complaint Must Be Dismissed With Prejudice Because He Lacks Standing to Sue under Either ERISA Sections 502(a)(1)(B) or 502(c)**

Plaintiff alleges two separate claims under ERISA: (i) a claim for benefits under ERISA Section 502(a)(1)(B); and (ii) a claim for civil penalties for the alleged failure to provide information under ERISA Sections 502(a)(1)(A) and (c).[4] However, Plaintiff's Complaint should be dismissed with prejudice in its entirety because Plaintiff lacks standing to bring any claim against Defendants under ERISA.

A.  **Standards for Standing under ERISA**

Standing is a threshold question in all federal cases. "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing the required elements of standing." *Lee v. City of Chicago*, 330 F.3d 456, 458 (7th Cir. 2003). Every plaintiff must have a sufficient personal stake in the outcome of a case to "warrant his invocation of federal-court jurisdiction and to justify exercise of the Court's remedial powers . . . ." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). This means that a plaintiff must personally suffer "some threatened or actual injury resulting from the putatively illegal action . . . ." *Linda R. v. Richard D.*, 410 U.S. 614, 617 (1973).

With respect to his claims pled under ERISA Section 502(a)(1)(B) and ERISA Sections 502(a)(1)(A) and 502(c), Plaintiff only has standing to bring these claims if he qualifies as a participant or beneficiary under the Plan. *See* 29 U.S.C. § 1132(a)(1)(A), (B). Plaintiff alleges that he has standing to bring his ERISA claims because Mr. Ingraffia assigned Plaintiff his rights to benefits under the Plan. *See* Complaint, Ex. A. Notably, Mr. Ingraffia's alleged assignment form specifically states: "I assign my medical benefits and rights from *BCBS* to Dr. H. M. DeBartolo Jr., for services rendered." *Id*.

---

[4] Plaintiff pleads Count II of his Complaint only under ERISA Section 502(c). However, a claim under ERISA Section 502(c) for the alleged failure to timely produce Plan information properly arises under ERISA Section 502(a)(1)(A), which states "A civil action may be brought – (1) by a participant or beneficiary – (A) for the relief provided for in subsection (c) of this section." *See* 29 U.S.C. §1132(a)(1)(A). Therefore, the standards for assessing Plaintiff's standing for pleading Count II arise under ERISA Section 502(a)(1)(A).

### B.    Plaintiff Lacks Standing under ERISA Because the Plan Contains an Express Anti-Assignment Provision

The United States Court of Appeals for the Seventh Circuit has instructed that an assignee to benefits may have standing to sue ERISA fiduciaries to recover benefits under ERISA Section 502(a).  *See Decatur Mem'l Hosp. v. Connecticut Gen. Life Ins.*, 990 F.2d 925, 926 (7th Cir. 1993).  However, the Seventh Circuit has also explained that a health care provider—like Plaintiff—only has the right to recover under ERISA as an assignee if the provider has a valid, enforceable assignment agreement.  *See Plumb v. Fluid Serv., Inc.*, 124 F.3d 849, 863 (7th Cir. 1997) (court remanded case to district court to determine if valid assignment of benefits existed); *Kennedy v. Connecticut Gen. Life Ins. Co.*, 924 F.3d 698, 700 (7th Cir. 1991) (court found that plan document allowed assignment of benefits).  Specifically, in *Kennedy*, the Seventh Circuit noted that "[b]ecause ERISA instructs courts to enforce strictly the terms of plans, an assignee cannot *collect* unless he establishes that the assignment comports with the plan."  *Kennedy*, 924 F.2d at 700.  Likewise, in *Plumb*, the Seventh Circuit found that the validity of an assignment is central to determining whether a medical provider has standing under ERISA.  *Plumb*, 124 F.3d at 862-63.

In fact, Plaintiff should know these requirements well, as he has had a similar complaint dismissed for lack of standing where the assignment was not valid and enforceable because the plan contained an express anti-assignment provision.  *See DeBartolo v. Blue Cross/Blue Shield of IL*, 2001 U.S. Dist. LEXIS 18363, *16-17 (N.D. Ill. Nov. 8, 2001).  The decision in *DeBartolo* is similar to other decisions from courts in the Seventh Circuit, which have held that a plan's anti-assignment provision will make attempts to assign benefits void and deprive a medical provider of standing under ERISA.  *See, e.g.*, *APCO Willamette Corp. v. P.I.T.W.U. Health and Welfare Fund*, 390 F.Supp.2d 696, 698 (N.D. Ill. 2005) (dismissing ERISA claims of medical provider for lack of standing because plan contained anti-assignment provision); *Zhou v. Guardian Life Ins. Co. of Am.*, 2001 U.S. Dist. LEXIS 21460, *5-6 (N.D. Ill. Dec. 14, 2001) (finding plan's anti-assignment clause made attempted assignment of health benefits to medical provider void); *Neurological Resources, P.C. v. Anthem Ins. Cos.*, 61 F.Supp.2d 840, 846-47 (S.D. Ind. 1999) (dismissing ERISA claims by medical provider for lack of standing because applicable plans contained express anti-assignment clauses).

Here, Plaintiff's alleged assignment form fails to provide him with standing for two reasons. First, the Plan contains an express anti-assignment provision. Section 6.2 of the Plan's governing document states:

> 6.2  <u>No Assignment</u>
> Except as may otherwise be specifically provided in (i) the Plan, (ii) the Participating Program[5] documents listed in Supplement A, or (iii) applicable law, a Participant's rights, interests or benefits under the Plan or the Participating Programs will not be subject in any manner to anticipation, alienation, sale, transfer, assignment, pledge, encumbrance, charge, garnishment, execution or levy of any kind, either voluntarily or involuntarily, prior to being received by the persons entitled thereto under the terms of the Participating Programs, and any such attempt will be void.

*See* Ex. 1, Plan Document, §6.2.

As discussed above, this is not the first time Plaintiff has sought to recover benefits as a medical provider through an assignment under an ERISA Plan. In *DeBartolo v. Blue Cross/Blue Shield of IL*, 2001 U.S. Dist. LEXIS 18363, Plaintiff sought to recover benefits from Wal-Mart's health care plan through an assignment similar to that in this case. In that case, Judge Kocoras found that because the Wal-Mart health care plan included an anti-assignment clause—similar to that included in the Plan at issue, Plaintiff lacked standing to bring any claims under ERISA. *Id.* at *16-17. Here, because Plaintiff's alleged assignment is void under the Plan's express terms, he cannot establish standing for his ERISA claims because he is not otherwise a participant or beneficiary of the Plan. Therefore, his claims should be dismissed with prejudice.

Second, Plaintiff's alleged assignment also fails because the assignment form does not reference that the benefits to be assigned to Plaintiff are paid from the Plan or The Northern Trust. As discussed above, Plaintiff's assignment form states only that Mr. Ingraffia assigned Plaintiff medical benefits from "BCBS." *See* Complaint, Ex. A. However, neither "BCBS" nor HCSC provided medical benefits to Mr. Ingraffia. Rather, it was the Plan, sponsored by Mr. Ingraffia's spouse's employer The Northern Trust, that provided his medical benefit coverage and, thus, paid his benefits. *See* Ex. 1, Plan Document, §1.2. Accordingly, Mr. Ingraffia's assignment of benefits from "BCBS" could not assign any benefits under the Plan. As a result,

---

[5] A "Participating Program" is defined by the Plan to be "an employee benefit plan that forms a part of this Plan as set forth in the documents described in Supplement A." *See* Ex. A, p. 5. The Medical Care Plan under which Plaintiff seeks benefits is considered to be a Participating Program under the Plan. *Id.* at p. A-2.

even if the Plan did not contain an anti-assignment provision (which it does), the assignment form by its plain terms did not provide for a proper assignment of Mr. Ingraffia's medical benefits to Plaintiff.[6]  Therefore, because Plaintiff's alleged assignment is void under the Plan's terms and by the terms of the assignment form itself, Plaintiff lacks standing under ERISA Sections 502(a)(1)(B) or 502(a)(1)(A) and his Complaint should be dismissed with prejudice.[7]

### C.  Plaintiff's Request for Plan Document Fails Because It Was Not Made to the Plan's Administrator

Plaintiff alleges his claim for civil penalties in Count II of the Complaint against HCSC (incorrectly referenced in the Complaint as the "Mutual Group").  However, Plaintiff's claim fails because HCSC was not the Plan's Administrator, as that term is defined by ERISA.

ERISA Section 104(b), 29 U.S.C. § 1024(b), governs Plaintiff's claim for civil penalties.  Specifically, ERISA Section 104(b) requires a *Plan Administrator* upon a participant's or beneficiary's written request to provide certain documents, including the latest summary plan description.  *Id.*  ERISA Section 502(c) requires the Plan Administrator to provide any documents required by ERISA Section 104(b) within 30 days of its receipt of a request.  *See* 29 U.S.C. § 1132(c).

Here, Plaintiff pleads his claim under ERISA Sections 502(a)(1)(A) and 502(c) solely against HCSC.  Importantly, the Seventh Circuit has held that a claim for civil penalties for the alleged failure to produce plan documents may be brought solely against the Plan Administrator for a document request made to the Plan Administrator.  *See Dade v. Sherwin-Williams Co.*, 128 F.3d 1135, 1143 (7th Cir. 1997).  Here, Plaintiff's claim fails for two reasons.  First, by the Plan's express terms, HCSC is not the Plan's Administrator.  Rather, Section 1.20 of the Plan specifically states that the Plan Administrator of the Plan is the Committee.  *See* Ex. A at p. 5.  Second, Plaintiff's alleged document request is not actionable under ERISA because it was not sent to the Plan's Administrator.  As Plaintiff admits, he sent his June 16, 2005 letter to HCSC

---

[6] Plaintiff's Complaint is also legally insufficient because he has not named the Plan, as an entity, as a defendant.  *See Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1490 (7th Cir. 1996) (holding that an action for benefits under an ERISA Plan must be brought against the Plan).

[7] If Plaintiff has standing to bring his ERISA-based benefits claim, then his claim must be dismissed without prejudice because he has failed to allege that he has exhausted all of his available administrative remedies under the Plan.  *See, e.g., Zhou v. Guardian Life Ins. Co. of Am.*, 295 F.3d 677, 679-80 (7th Cir. 2002); *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 873 (7th Cir. 1997); *Filipowicz v. Am. Stores Benefit Plans Comm.*, 56 F.3d 807, 813 (7th Cir. 1995).

(or Blue Cross Blue Shield) and not to The Northern Trust or the Committee.  *See* Complaint, ¶17.  Moreover, as discussed at length above, Plaintiff lacks standing to bring an action for civil penalties because his alleged assignment is void under the Plan's terms.  Because (i) Plaintiff lacks standing, (ii) his request for a copy of the Plan's summary plan description was not sent to the Plan's Administrator and (iii) Plaintiff has not named the Plan's Administrator as a defendant in Count II of the Complaint, as required by ERISA, his claim for civil penalties fails as a matter of law and should be dismissed with prejudice.

## II.     **Plaintiff's Demand for a Jury Trial Must Be Stricken**

Plaintiff also seeks to have his claims tried to a jury under Fed. R. Civ. P. 38(b).  However, trial by jury is not permitted for claims pled under ERISA.  *See Patton v. MFS/Sun Life Fin. Distribs.*, 480 F.3d 478, 484 (7th Cir. 2007); *Mathews v. Sears Pension Plan*, 144 F.3d 461, 468 (7th Cir. 1998).  Therefore, if any of Plaintiff's claims survive the motion to dismiss, Plaintiff's jury demand should be stricken.

## CONCLUSION

WHEREFORE, Defendants respectfully request that this Court grant their motion, dismiss with prejudice Plaintiff's Complaint in its entirety, strike Plaintiff's demand for a jury trial and grant such other relief that the Court deems appropriate.

Dated:   April 25, 2008

                                        Respectfully Submitted,

                        By:     /s/ Michael T. Graham
                                Michael T. Graham
                                McDermott Will & Emery LLP
                                227 West Monroe Street
                                Chicago, Illinois 60606
                                Phone: 312.372.2000
                                Fax:    312.984.7700
                                Email: mgraham@mwe.com

                                **Attorneys for Defendants Blue Cross Blue Shield of Illinois, a Division of Health Care Service Corporation**, incorrectly named Blue Cross Blue Shield of Illinois also known as Blue Cross Blue Shield Association and **The Northern Trust Company**, incorrectly named as Northern Trust Corporation

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 25, 2008, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Stuart P. Krauskopf
The Law Offices of Stuart P. Krauskopf
stu@stuklaw.com


                          /s Michael T. Graham
                          Michael T. Graham

CHI99 4968190-3.037407.0039